### THE DORCHESTER.

### THE THORNHILL.

(District Court, D. Maryland. July 2, 1903.)

1. COLLISION—DAMAGES—COMMISSIONS ON DISBURSEMENTS.

Commissions for disbursing the amount required to pay repair bills on injuries due to a collision constitute a proper item of collision damages, when the owners are foreigners, and the amount has to be paid to agents who perform the service for the owners.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collision, § 283.]

2. SAME—AGENCY FEE.
   A reasonable fee for service of the ship's agent in arranging bids, drawing up contracts, and holding consultations and other services in connection with repairs of collision damages is a proper item of collision damages when the owners of the damaged ship live in a foreign country, especially when the ship is a modern steel steamer, the repairs of which require special superintendence and knowledge of the responsibility of bidders at the port where repairs are made.

In Admiralty. Consolidated libels. On exceptions to commissioner's report.

For the decision on the merits, see 121 Fed. 889, and 134 Fed. 1023.

T. Wallis Blakistone, Convers & Kirlin, and John M. Woolsey, for the Thornhill.

Daniel H. Hayne and Robert H. Smith, for the Dorchester.

MORRIS, District Judge. The commissioner disallowed the items of damage in Exhibit No. 2 for costs connected with making photographs of the damaged parts of the Thornhill. These items of expense were incurred to procure evidence illustrative of the appearance of the ship after the collision, for use in court at the hearing of the cross-libels for collision, and are not connected with the necessary expenses of making repairs, which was the matter referred to the commissioner. The exception is overruled, and the commissioner's ruling sustained.

The disallowance of the item in Exhibit No. 4, for costs of certified copy of master's protest, is approved for the same reason.

The commissioner disallowed certain items of painting and labor and material and part of the cost of dry-docking charged on the damage Exhibit No. 6, as not made necessary by the collision damage. This ruling is well supported by the testimony, and the exception is overruled.

The commissioner has ruled against two items claimed as part of the expense to the owners of the Thornhill caused by the collision, which I think should be allowed under the circumstances of this case. The Thornhill was owned in Great Britain, and her owners could not personally supervise the repairs made in Baltimore and New York which resulted from the collision. The items disallowed are sums actually paid by the owners of the Thornhill to their agents in New York for services in connection with repairs. The first is an item of 2½ per cent. commission for disbursing the amount required to pay the repair bills. This service required the agents to scrutinize the bills, compare them with the contracts, pay them, keep accounts, and render a statement accompanied with the vouchers. That is a service which the owners of the Thornhill could not escape from unless they sent some one from England to New York to pay out the money at a much greater outlay. When the owner of the damaged ship lives in a foreign country, the expense he is subjected to in making repairs it seems to me often includes a reasonable compensation to the person he is obliged to employ on the spot to disburse the money. Where such an expense was necessary and reasonable, and has been incurred in good faith, and paid, I cannot see why it should be excluded as not a necessary expense of making the repairs. The decisions of our admiralty courts

have not been in entire harmony as to this item of expense, and doubtless it is the difference in circumstances which have led to different rulings. In this case the owners resided in England, and the repairs were made in New York, and I do not see how this expense could be avoided. The same reasoning applies to another item disallowed by the commissioner. The owner's agent in New York, who attended to arranging to obtain bids from different shipwrights for repairs, who consulted with the Lloyds surveyor and Lloyds agent and the special surveyor as to the repairs, and as to what would be required to enable the steamship to regain her rating, who attended to awarding the contracts and other services in connection with the repairs during the 27 days the repairs were in progress, charged the owners and were paid a compensation of $150. The Thornhill is a modern steel steamer, the repair of which requires careful expert superintendence with a local knowledge of the machinists who make bids, and such service a shipmaster could not be expected to be competent to give. I think such a charge, when entirely reasonable, and made in good faith, and paid by the owners of the damaged steamer, should be allowed.

I sustain the exceptions to the disallowance of the two last-mentioned items. All other exceptions are to the disallowance of items as to which the testimony was conflicting, and the commissioner's rulings are affirmed.